IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN A. KONINIS, | * | |
| Plaintiff, | * | |
| v. | * | Case No. TJS-13-2482 |
| WAL-MART STORES, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \*

**MEMORANDUM OPINION**

John Koninis ("Mr. Koninis") brought this action for negligence against Wal-Mart, Stores, Inc. ("Wal-Mart") seeking damages for injuries he suffered after falling in a Wal-Mart store parking lot in North East, Maryland. (ECF No. 1 ¶¶ 10-12.) Wal-Mart's Motion for Summary Judgment (the "Motion") (ECF No. 33) is now pending before the Court.[1] Mr. Koninis did not file a response to the Motion and the time for doing so has passed. I find that no hearing is necessary, *see* Loc. R. 105.6, and for the reasons set forth below will grant Wal-Mart's Motion.

**I.     BACKGROUND**

According to Mr. Koninis's Complaint (ECF No. 1), in the early morning of February 3, 2011, Mr. Koninis arrived at the Wal-Mart store in North East, Maryland to make a delivery. (*Id.* ¶ 3.) After he climbed out of his delivery truck, Mr. Koninis slipped and fell on "black ice" in the parking lot and sustained injuries. (*Id., see* ECF No. 33-1 at 1.) He alleges that Wal-Mart breached its duty to protect him from a dangerous condition by caused ice on its parking lot. (ECF No. 1 ¶ 12.)

---

[1] Wal-Mart's Motion for Leave to File Motion for Summary Judgment (ECF No. 32) is granted.

## II. STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing predecessor to current Rule 56(a)). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252. The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008). A party may not rest upon the mere allegations or denials of its pleading but instead must, by affidavit or other evidentiary showing, set out specific facts showing a genuine dispute for trial. Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Fed. R. Civ. P. 56(c)(4).

## III. ANALYSIS

### 1. Choice of Law

A court sitting in diversity must apply the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941). Maryland adheres to the *lex loci delicti* rule to determine the applicable law in tort actions. *Philip Morris Inc. v. Angeletti*,

358 Md. 689, 744, 752 A.2d 200, 230 (2000). Under this rule, the "substantive tort law of the state where the wrong occurs governs." *Hauch v. Connor*, 295 Md. 120, 123, 453 A.2d 1207, 1209 (1983). Because the alleged tort took place in Maryland, Maryland law governs Mr. Koninis's negligence claim.

### 2. Negligence Claim

To prevail on a claim of negligence in Maryland, a "plaintiff must [prove] the following elements: '(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty.'" *Valentine v. On Target, Inc.*, 353 Md. 544, 549, 727 A.2d 947, 949 (1999) (quoting *BG & E v. Lane*, 338 Md. 34, 43, 656 A.2d 307, 311 (1995)).

In Maryland, the proprietor of a store owes a duty to an invitee "to exercise ordinary care to keep the premises in a reasonably safe condition and will be liable for injuries sustained in consequence of a failure to do so." *Maans v. Giant Of Maryland, L.L.C.*, 161 Md. App. 620, 627, 871 A.2d 627, 631 (2005) (quoting *Rawls v. Hochschild, Kohn & Co.*, 207 Md. 113, 117, 113 A.2d 405 (1955)). This duty, however, does not arise unless the proprietor has "actual or constructive knowledge of [the dangerous condition] . . . gained in sufficient time to give the owner the opportunity to remove it or to warn the invitee." *Rehn v. Westfield Am.*, 153 Md. App. 586, 593, 837 A.2d 981, 984 (2003) (internal quotation omitted).

Wal-Mart argues that "there is no evidence that [it] had actual or constructive knowledge of any dangerous or hazardous weather conditions" with sufficient time to warn Mr. Koninis or to remove the dangerous condition. (ECF No. 33-1 at 6.) In addition, Wal-Mart points to evidence that there were no adverse weather conditions that created a danger or hazard on its

property at the time in question. (*See* ECF No. 33-1 at 6; ECF No. 33-4 at 5, 8-9.) At his deposition, Mr. Koninis testified that (1) it was cold in early February 2011; (2) it had snowed within a few days prior to February 3, 2011; (3) he did not think there was snow on the ground on February 3, 2011; and (4) he did not recall whether the snowfall that proceeded his February 3, 2011 fall was significant. (ECF No. 33-3 at 2.) In his answers to Wal-Mart's interrogatories, he stated that "he did not notice anything unusual about the ground when he looked prior to stepping out of his truck" and falling. (ECF No. 33-2 at 4.)

As the plaintiff, Mr. Koninis has the burden of producing evidence that Wal-Mart had actual or constructive knowledge of the dangerous condition in its parking lot on February 3, 2011. Preliminarily, I note that Mr. Koninis has produced only limited evidence that there actually was a dangerous condition in the Wal-Mart store's parking lot on the morning of February 3, 2011.[2] Wal-Mart denies that there was any such condition. (ECF No. 33-4 at 5.) At this stage of the proceedings, however, I am required to consider the evidence in the light most favorable to Mr. Koninis. Accordingly, I find that Mr. Koninis has produced sufficient evidence for a reasonable jury to find that there was at least one icy spot on the Wal-Mart store's parking lot that created a dangerous condition on the morning of this incident.

Mr. Koninis has nonetheless failed to produce any evidence (1) that Wal-Mart had actual or constructive knowledge of the icy condition; or (2) that Wal-Mart had sufficient time to

---

[2] As part of its submission in support of the Motion, Wal-Mart has attached Mr. Koninis's answers to interrogatories, as well as a portion of the transcript of his deposition testimony. In his answers to Wal-Mart's interrogatories, Mr. Koninis states that he "fell on black ice" and thereafter observed "an employee of Wal-Mart . . . spreading rock salt over the parking lot." (ECF No. 33-2 at 3.) In the portion of the transcript of Mr. Koninis's deposition testimony that was submitted to the Court, he testified that he "slipped" as he got out of his truck, but does not state that he slipped on ice, or that he saw any person spreading rock salt over the parking lot. (*See* ECF No. 33-3 at 3.) Mr. Koninis has not produced any evidence about the size of the icy spot upon which he fell, nor has he produced the statement of any other person who observed the icy spot, or evidence about how the icy spot came to be.

remove the dangerous condition or warn its invitees about it. Mr. Koninis's answers to interrogatories and deposition testimony are not specific about the weather conditions on February 3, 2011, and generally state that he did not observe "anything unusual" in the area of the parking lot on the day that he fell. Unlike other "icy parking lot" cases, *see Bass v. Hardee's Food Sys., Inc.*, 229 F.3d 1141 (4th Cir. 2000) and *Honolulu Ltd. v. Cain*, 244 Md. 590, 598, 224 A.2d 433, 437 (1966), there is simply no evidence in this case upon which a reasonable jury could conclude that Wal-Mart had actual or constructive notice of the dangerous condition (such as evidence of a weather event or of a drainage problem in the parking lot known to cause ice in cold weather), or that once it had obtained such knowledge, it had sufficient time to remedy the dangerous condition. Even taken in the light most favorable to Mr. Koninis, the facts in this case would not permit any reasonable jury to conclude that Wal-Mart breached any duty to Mr. Koninis on February 3, 2011.

**IV.     CONCLUSION**

As Wal-Mart's Motion for Summary Judgment is unopposed and there is no evidence in the record establishing Wal-Mart's liability, Wal-Mart's Motion will be **GRANTED**. By separate Order, the Clerk of Court will be directed to enter summary judgment in favor of Wal-Mart, to send a copy of this order to Plaintiff John Koninis at the address on file with the Court, and to close this case.

<u>February 4, 2015</u>                                           <u>        /s/                                        </u>
Date                                                                      Timothy J. Sullivan
                                                                               United States Magistrate Judge